**SANJAY S. SCHMIDT (State Bar No. 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1686 Second St., Suite 219
Livermore, California 94550
Ofc. Phone:    (925) 215-7733
Facsimile:      (925) 455-2486
sanjay.schmidt@gmail.com

Attorney for Plaintiffs Rosa Letona, Natalie Letona, and Rosemary Banuelos

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| **ROSA LETONA, NATALIE LETONA, and ROSEMARY BANUELOS,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF MODESTO, a municipal corporation, MODESTO POLICE OFFICERS Brian Ferguson, Individually, Benjamin Kroutil, Individually, Jonathan Griffith, Individually, and Ben Brandvold, Individually, MODESTO POLICE SGT. Daniel Key, in his individual and official capacities, and DOES 1 THROUGH 30, Jointly and Severally,**<br><br>Defendants. | **Case No. 1:12-cv-00782-AWI-DLB**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983—Civil Rights Violations<br>2. 42 U.S.C. § 1983—Civil Rights Violations<br>3. 42 U.S.C. § 1983—Unlawful Customs, Policies, Habits, or Procedures<br>4. California Constitution, Article I, § 13<br>5. California Civil Code § 52.1—State Civil Rights Violations<br>6. Violation of California Uniform Commercial Code section 9609 (b)(2)<br>7. Assault and Battery<br>8. False Arrest<br>9. Intentional Infliction of Emotional Distress<br>10. Negligent Infliction of Emotional Distress<br>11. Negligence<br>12. Invasion of Privacy<br>13. Conversion |

Plaintiffs, by and through their attorney, the LAW OFFICE OF SANJAY S. SCHMIDT, for their Complaint against Defendants, state the following:

**JURISDICTION**

1.      This Court has jurisdiction over this action pursuant to 28 USC §§ 1331, 1341, & 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 USC §§ 1983 and 1988.  This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

2.      Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 USC § 1367, to hear and decide claims arising under state law.

3.      Venue is proper, pursuant to 28 USC § 1391 (e)(2), because the events giving rise to Plaintiffs' claims occurred in this judicial district.

**PARTIES**

4.      Plaintiffs Rosa Letona, Natalie Letona, and Rosemary Banuelos are citizens of the United States, competent adults, and residents of the City of Modesto.

5.      At all times mentioned herein, Defendants Brian Ferguson, Benjamin Kroutil, Jonathan Griffith, Ben Brandvold, Daniel Key, and DOES 1 through 30, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant City of Modesto Police Department ("MPD") and acted under color of state law. The Defendants named above and DOES 1 through 30 are sued in their individual capacities. Defendant Key is, in addition to being sued in his individual capacity, also sued in his capacity as a supervisor of the other individually named Defendants.

6.      Defendant CITY OF MODESTO is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

7.      The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 30 are unknown to Plaintiffs, who, therefore, sue said Defendants by said fictitious names.  Plaintiffs will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed, believe, and thereon allege that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

8.      Plaintiffs allege, on information and belief, that each of the Defendants sued herein was negligently, wrongfully, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

9.      Plaintiffs are informed, believe, and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

10.      The acts and omissions of all MPD Defendants, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the Modesto Police Department.

11.     At all material times, each MPD Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12.     A proper and timely tort claim was presented to the City of Modesto on behalf of Plaintiff Rosa Letona, pursuant to Government Code section 910 et seq., and this action was timely filed within all applicable statutes of limitation.

13.     This complaint may be pled in the alternative, pursuant to Rule 8 (d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

14.     Plaintiff re-alleges each and every paragraph in this complaint, as though fully set forth herein.

15.     On the evening of April 5, 2011, Plaintiffs were at home, at 2408 Grouse Crossing Way, in the City of Modesto; all three Plaintiffs resided there at that time.

16.     At approximately 7:25 p.m., a tow truck operated by an employee of DigitalDog Auto Recovery, one Ryan Jetton (hereafter "Jetton'"), appeared at the Plaintiffs' home, seeking to repossess Plaintiff Rosa Letona's vehicle, a black 2003 Mitsubishi Galant (hereafter "vehicle").

17.     DigitalDog did not possess a court order authorizing a repossession of the vehicle.  This was a non-judicial repossession that was set into motion by a finance company in connection with a disputed matter.

18.     Plaintiffs heard commotion outside and contacted Jetton, who was adamant about taking the vehicle and who also refused to show any documents concerning the repossession.  A few months prior to the date of the incident, a thief had attempted to steal the vehicle.  Plaintiff Rosa Letona objected to the repossession and indicated the matter was

disputed.  Despite Ms. Letona's objections and statements, Jetton maintained that Plaintiff's vehicle was to be repossessed.

19.     A breach of the peace occurred.

20.     Plaintiff's vehicle was taken into Plaintiff's garage, secured therein, and Plaintiffs went back inside of their home.

21.     Jetton summoned the police at approximately 7:44 p.m.

22.     Pursuant to California Uniform Commercial Code § 9609, subdivision (b)(2), a creditor (a "secured party") may only take possession of collateral if it proceeds without breach of the peace.  Repossession agents are not legally allowed to repossess a vehicle from a debtor where doing so would result in a breach of the peace.  Where a breach of the peace results because a debtor challenges the repossession of the vehicle, the repossession attempt must cease and, instead, must be effectuated through judicial action rather than self-help.

23.     Very soon after being summoned by Jetton, MPD officers Defendant Ferguson and Defendant Kroutil responded to Plaintiff's home.

24.     Shortly after 8:00 p.m., additional MPD officers responded to Plaintiff's home, including Defendants Griffith, Key, and Brandvold.

25.     Defendants Ferguson, Kroutil and one or more other officers, after making contact with Jetton, contacted Plaintiff Rosa Letona (hereafter "Ms. Letona") at her front door. Without a warrant, officers entered the Plaintiffs' home and requested the keys to the vehicle. Ms. Letona communicated to Ofc. Ferguson that the matter was disputed and that there had already been a civil action filed previously.  Ms. Letona expressed to Defendant Ferguson and the other officers, unequivocally, that the matter was disputed and she was not willing to relinquish possession of the vehicle.

26.     Defendant Ferguson stated something to the effect of, if Plaintiff refused to give him the car keys, it will "turn ugly." Ms. Letona's two daughters, Plaintiff Natalie Letona and Plaintiff Rosemary Banuelos, were also present; Plaintiff Banuelos was holding her nine-month old baby, and Plaintiff Natalie Letona was pregnant, expecting a baby soon.  All three Plaintiffs resided in the home, at 2408 Grouse Crossing Way, in the City of Modesto, at that time.

27.     The Defendant officers trespassorily entered Plaintiff's living room.  Plaintiff asked the officers several times to leave her home, but they refused to do so.  One of the Defendants made a statement to the effect that the officers would not be leaving until they had the car.  The Defendants proclaimed that they were going to take the car.

28.     Plaintiff told the officers she had documents concerning the vehicle transaction at issue to show them and ran upstairs to retrieve them, during which time the officers could be heard raising their voices in their interaction with Plaintiffs Banuelos and Natalie Letona downstairs.  MPD officers, including possibly Defendants Ferguson, Kroutil, and Griffith, threatened to take Plaintiffs to jail if they failed to relinquish the vehicle, pointing out they had three cars and, thus, had sufficient room for all of them.

29.     Plaintiff Rosa Letona, fearing for her own safety, as well as the safety of her family, called 911, requesting assistance because the officers were wrongfully and trespassorily inside of her house, refusing to leave.  Ms. Letona requested police assistance in ejecting the officers from her home.  Ms. Letona pleaded with the operator to send somebody to help her and also requested to speak to the Lieutenant or someone that is in charge of the Defendant officers, but was told not to call 911 again.

30.     On information and belief:

a.  The officers were asked numerous times to leave Plaintiffs' home, but Defendant Ferguson and the other officers that were inside refused to do so.

b.  Defendant Ferguson and other officers sought to get into Plaintiffs' garage, but were refused admittance.

c.  Defendant Ferguson was told not to go in the garage and that there were dogs in the garage, in response to which he threatened to shoot the dogs if they were not put away, drawing his firearm.

d.  Ms. Letona closed a door, to prevent Defendant Ferguson's warrantless entry into her garage.  Defendant Ferguson then grabbed Plaintiff Rosa Letona's wrist, bent it, twisted Plaintiff's arm behind her back, and grabbed Plaintiff by the area around the back of her neck.

e.  Ms. Letona told Defendant Ferguson he was hurting her and begged him to stop. Ofc. Ferguson told Plaintiffs he was going to take Plaintiff Rosa Letona to jail. Plaintiff Natalie Letona and Plaintiff Banuelos cried and begged Defendant Ferguson to stop hurting their mother, Ms. Letona.  There was further communication between Plaintiff's daughters and the officers, including a statement by Defendants to the effect of "we are going to take you all to jail."

f.  Defendant Ferguson pushed Plaintiff Rosa Letona out of the way and unlawfully entered the laundry room, which is on the way to the garage.  Ms. Letona attempted to stop Defendant Ferguson from going into Plaintiffs' garage, but Defendant Kroutil blocked the doorway and pushed Plaintiff Rosa Letona away.

g.  Defendant Ferguson and either Defendant Kroutil or another officer trespassorily entered Plaintiffs' garage, over Plaintiffs' objection and without a

warrant, with their firearms drawn.  Defendant Ferguson threw things around in Plaintiffs' garage.

31.     Defendant Ferguson then arrested Plaintiff Rosa Letona, grabbing, pushing, and handcuffing Plaintiff, then shoving Plaintiff into the back of a police car.  All of this was observable by Plaintiffs' neighbors.

32.     Defendant Ferguson and the other officers then opened up the garage, whereupon Jetton trespassorily  and warrantleessly entered Plaintiffs' garage.  Defendant Ferguson and the other officers assisted the repossession agent, Jetton, in both trespassorily entering Plaintiff's garage and in effectuating the repossession, collaborating to obtain possession of Plaintiff Rosa Letona's vehicle from the Plaintiffs' garage.  DigitalDog subsequently left the scene with Ms. Letona's vehicle.

33.     The patrol car in which Plaintiff Rosa Letona was imprisoned was hot and Plaintiff was having trouble breathing.  Ms. Letona tried to get the officers' attention, but they were arguing with Plaintiff Natalie Letona and Plaintiff Banuelos.  After a lengthy period of time, officers returned to the patrol car, instructed Ms. Letona to get out of the car, and the handcuffs were removed from Plaintiff.  Ms. Letona was then released from Defendants' custody and permitted to return to her home.

34.     Shortly after Defendants had left the scene, Plaintiff Rosa Letona was so distressed that she began to experience a severe shortness of breath, nausea, chest pain, and profuse sweating.  Plaintiff's daughter frantically called 911, indicating that she believed her mom was having a heart attack.  An ambulance responded to the scene, where the medical personnel found Ms. Letona, hyperventilating.  Oxygen was administered to Ms. Letona.  Ms. Letona was also experiencing pain radiating through her left arm.  Plaintiff was taken to

Memorial Medical Center hospital, where she was evaluated and received treatment.  Plaintiff suffered a severe anxiety attack, hyperventilation, abrasions, and radiating pain in her arm and chest, among other things.

35.    Plaintiff Rosa Letona has suffered severe and ongoing Post Traumatic Stress Disorder ("PTSD") as a result of Defendants' tortious, wrongful, and constitutionally violative conduct.  Plaintiff had to seek treatment and was diagnosed with PTSD shortly after the incident described above.

36.    Plaintiff Rosa Letona, to regain possession of her wrongfully expropriated vehicle, later had to pay $2,509.55, which was paid to Trading Financial Credit, LLC, on or about April 29, 2011.

37.    At all material times and, alternatively, the actions and omissions of each defendant were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiffs' rights, and/or negligent.

38.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff Rosa Letona sustained the following injuries and damages, past and future, including, but not limited to:

    a.   Economic damages, including, but not limited to, the amount expended to regain Plaintiff's vehicle;
    b.   Ambulance, Hospital, and medical expenses;
    c.   Severe emotional distress, including, but not limited to, PTSD, insomnia, irritability, hyper-vigilance, damage to familial relationships, anxiety, and panic attacks;
    d.   Violation of her right to privacy;
    e.   Violations of state and federal constitutional rights; and,
    f.   All damages and penalties recoverable under 42 USC §§ 1983 and 1988 and as otherwise allowed under California and United States statutes, codes, and common law.

39.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs Natalie Letona and Rosemary Banuelos sustained the following injuries and damages, past and future, including, but not limited to:

    a.    Severe emotional distress and anxiety;
    b.    Violation of their right to privacy;
    c.    Violations of state and federal constitutional rights; and,
    d.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988 and as otherwise allowed under California and United States statutes, codes, and common law.

**CAUSES OF ACTION**

**COUNT ONE**
**-- 42 USC § 1983 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, AND DOES 1-10**

40.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 39 above, as though fully set forth herein.

41.    By the actions and omissions described above, Defendants FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY and DOES 1-10 violated 42 USC § 1983, depriving Plaintiffs of the following well-settled constitutional rights that are protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

    a.    The right to be free from warrantless entries and searches, as secured by the Fourth and Fourteenth Amendments;
    b.    The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments; and, as to Plaintiff Rosa Letona,
    c.    The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments.

42.    The failure to intervene, prevent, or stop the Fourth Amendment violations on the part of any Defendant MPD officers and/or supervisors that were in a position to do so when such violations occurred renders such Defendant(s) liable for these violations.

43.     Defendants' warrantless invasion of Plaintiffs' home, their refusal to leave, and their warrantless, trespassory, and forceful invasion, with guns drawn, of Plaintiffs' garage, as well as their seizure of Plaintiff Rosa Letona's vehicle therefrom, contravened Plaintiffs' constitutional rights guaranteed by the Fourth Amendment to the U.S. Constitution, for which Defendants are liable either directly or via their failure to intervene.  As a result, Plaintiffs are entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

44.     The detention and arrest of Plaintiff Rosa Letona, in addition to the unreasonable and excessive force used on Plaintiff Rosa Letona, was done in violation of Plaintiff Rosa Letona's constitutional rights guaranteed by the Fourth Amendment to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene.  As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

45.     To the extent Defendant Sgt. Key or any other supervisors knew or had reason to know of Defendant Ferguson and any other named or Doe officer's constitutionally violative conduct, as alleged above—or their propensity to engage in such conduct—Sgt. Key and/or other supervisors failed to prevent the unconstitutional acts of said Defendant or Defendants and failed to properly supervise, thus rendering Sgt. Key and/or others liable directly and in his/their capacity as a supervisor.

46.     As a proximate result of the foregoing wrongful acts, Plaintiff Rosa Letona sustained injuries and damages, as set forth above, in ¶ 38 and Plaintiffs Natalie Letona and Rosemary Banuelos sustained injuries and damages, as set forth in ¶ 39, above.  Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

47.     In committing the acts alleged above, Defendants, including, but not limited to,

Defendants Ferguson and Kroutil, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiffs, and by reason thereof, Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

**COUNT TWO**
**-- 42 USC § 1983 --**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, AND DOES 1-15**

48.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 47 above, as though fully set forth herein.

49.     Defendants were clearly made aware there was a dispute as to the vehicle DigitalDog sought to repossess.

50.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution safeguards a citizen's right not to be deprived of property by a government official in the absence of due process of law.  The Due Process Clause further requires that a citizen be afforded notice and a hearing before a government official can take action to enable, assist in, or effect a repossession on behalf of a private party, such as a secured creditor.

51.     A "curbside courtroom," in which officers decide which party is entitled to possession of property that is the subject of a dispute between two private parties, contravenes this core principle of the Fourteenth Amendment.

52.     The conduct of Defendants violated Plaintiff's rights under the Due Process Clause, since Defendants, acting in concert, effectuated the repossession of Ms. Letona's private property, her vehicle, in the absence of the appropriate judicial processes.  This repossession was effected with the direct involvement of the Defendant police officers, who

forcibly and trespassorily entered Plaintiff's garage, over Plaintiff's objection, and arrested Plaintiff, to facilitate the removal and taking of Plaintiff's vehicle by DigitalDog.

53.     The failure to intervene, prevent, or stop the Fourteenth Amendment violation on the part of any Defendant MPD officers and/or supervisors that were in a position to do so when such violation occurred renders such Defendant(s) liable for these violations.

54.     This conduct on the part of the above-named Defendants resulted in a violation of 42 USC § 1983, since the above-described actions were undertaken under color of state law, for which Defendants are liable either directly or via their failure to intervene.  As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

55.     To the extent Defendant Key or any other supervisors knew or had reason to know of Defendant Ferguson and any other named or Doe officer's constitutionally violative conduct, as alleged above—or their propensity to engage in such conduct—Sgt. Key and/or other supervisors failed to prevent the unconstitutional acts of said Defendant or Defendants and failed to properly supervise, thus rendering Sgt. Key and/or others liable directly and in his/their capacity as a supervisor.

56.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

57.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants Ferguson and Kroutil, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at

trial.

## COUNT THREE
## -- 42 USC § 1983 --
## ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF MODESTO, AND DOES 10-20

58.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 57 above, as though fully set forth herein.

59.     Plaintiffs allege, upon information and belief, the unconstitutional actions and/or omissions of the individually named MPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the MPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the City of Modesto and/or the MPD:

a.     Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

b.     Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as search and seizure and the role officers play in disputes between private parties concerning private property.

60.     In the alternative, upon information and belief, Defendant City of Modesto may have instituted policies or training addressing some or all the topics listed above, but have either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

61.     The customs, policies, practices, and/or procedures of the MPD were a moving force and/or a proximate cause of the deprivations of Plaintiffs' constitutional rights, in violation of 42 USC § 1983, as more fully set forth above.

62.     As a proximate result of the foregoing customs, polices, practices, and/or

procedures of the MPD, Plaintiffs sustained injuries and damages, as set forth above, in ¶¶ 38-39.  Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

### COUNT FOUR
### -- Cal. Const., Art. I, § 13--
### PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, AND DOES 1-10

63.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 62 above, as though fully set forth herein.

64.     The entry into Plaintiffs' home and the entry into Plaintiffs' garage, followed by the search thereof and the seizure of Plaintiff Rosa Letona's vehicle, in addition to the use of unreasonable and/or excessive force by the officers against Plaintiffs, violated Plaintiff's rights under the California Constitution, Article I, § 13, thereby entitling Plaintiff to damages for this violation.

65.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

66.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants Ferguson and Kroutil, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

//
//
//
//
//

**COUNT FIVE**
**-- Cal. Civ. Code § 52.1 (b)--**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL,**
**GRIFFITH, BRANDVOLD, KEY, DIGITALDOG AND DOES 1-10**

67.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 66 above, as though fully set forth herein.

68.     By the actions and omissions described above, Defendants FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY and DOES 1-10 violated Plaintiff's state and federal rights through intimidation, threats, and/or coercion, thereby entitling Plaintiff to sue for damages under California Civil Code § 52.1, subdivision (b).

69.     The violations included depriving Plaintiff of the following well-settled constitutional rights that are protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

    a.  The right to be free from warrantless entries and searches, as secured by the Fourth and Fourteenth Amendments;
    b.  The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;
    c.  The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;
    d.  The right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13;
    e.  The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43; and,
    f.  The right not to be deprived of property without due process of law.

70.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

71.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants Ferguson and Kroutil, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason

thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## COUNT SIX
### -- Cal. U. Com. Code § 9609, subdivision (b)(2)--
### PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, AND DOES 1-10

72.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 71 above, as though fully set forth herein.

73.     This claim is brought under California Uniform Commercial Code § 9609, subdivision (b)(2) (hereafter "section 9609 (b)(2)").

74.     In taking possession of the vehicle from Plaintiff, DigitalDog repossessed the vehicle.

75.     In the course of effecting the repossession, DigitalDog's repossession agent, in concert with the other named Defendants, breached the peace.

76.     This breach of the peace contravened section 9609 (b)(2).

77.     DigitalDog, in concert with the individually named Defendants, effected this repossession wrongfully and unlawfully.

78.     As a proximate result of the foregoing violation, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

## COUNT SEVEN
### -- ASSAULT AND BATTERY--
### PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, CITY OF MODESTO, AND DOES 1-10

79.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 78 above, as though fully set forth herein.

80.    The acts of Defendants Ferguson and Kroutil, described above, constitute assault and battery, entitling Plaintiff to damages pursuant to California law.

81.    The aiding and abetting and/or failure to intervene and/or failure to prevent these acts gives rise to liability on the part of the other individually named Defendants.

82.    Defendant City of Modesto is liable under California Government Code § 815.2 for the assaults and batteries, committed within the course and scope of the named Defendants' employment.

83.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.

**COUNT EIGHT**
**-- FALSE ARREST--**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, CITY OF MODESTO, AND DOES 1-10**

84.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 83 above, as though fully set forth herein.

85.    By the acts of Defendants Ferguson, Kroutil and others, alleged herein, Plaintiff was falsely arrested, thereby entitling Plaintiff to damages pursuant to California law.

86.    The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest acts gives rise to liability on the part of the other individually named Defendants.

87.    Defendant City of Modesto is liable under California Government Code § 815.2 for the false arrest, committed within the course and scope of the named Defendants' employment.

88.    As a proximate result of the foregoing wrongful act, Plaintiff sustained injuries

and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.

**COUNT NINE**
**-- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS--**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, CITY OF MODESTO, AND DOES 1-10**

89.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 88 above, as though fully set forth herein.

90.     Defendants intentionally performed acts that resulted in the infliction of emotional distress upon Plaintiff.  The Defendants' tortious conduct resulted in Plaintiff suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

91.     As a proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.

**COUNT TEN**
**-- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS--**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, CITY OF MODESTO, AND DOES 1-10**

92.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 91 above, as though fully set forth herein.

93.     Defendants negligently acted or omitted to act in a manner that foreseeably resulted in the infliction of emotional distress upon Plaintiff.  The Defendants' tortious conduct resulted in Plaintiff suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

94.     As a proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

**COUNT ELEVEN**
**--NEGLIGENCE--**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, CITY OF MODESTO, AND DOES 1-10**

95.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 94 above, as though fully set forth herein.

96.     Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

97.     As a proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

**COUNT TWELVE**
**--INVASION OF PRIVACY--**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, CITY OF MODESTO, AND DOES 1-10**

98.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 97 above, as though fully set forth herein.

99.     By the acts alleged above, Defendants intruded into a private place, conversation, or matter in a manner highly offensive to a reasonable person, which amounted to invasions of Plaintiff's privacy.[1]

---

[1] *Shulman v. Group W. Prods, .Inc.*, 18 Cal.4th 200, 231-232 (1998).

100.    As a proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against the individual Defendants in their individual capacities.

**COUNT THIRTEEN**
**--CONVERSION--**
**PLAINTIFF ROSA LETONA AGAINST DEFENDANTS FERGUSON, KROUTIL, GRIFFITH, BRANDVOLD, KEY, CITY OF MODESTO, AND DOES 1-10**

101.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 100 above, as though fully set forth herein.

102.    Defendants breached the peace in their attempt to repossess Plaintiff's vehicle; Defendants converted Plaintiff's vehicle by their wrongful disposition of Plaintiff's property.

103.    As a proximate result of Defendants' wrongful conversion, Plaintiff sustained injuries and damages, as set forth above, in ¶ 38.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against the individual Defendants in their individual capacities.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

1.    Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2.    Exemplary and punitive damages under 42 USC § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable;

3.    For attorney's fees and costs under 42 U.S.C. § 1988;

4.    For attorney's fees and costs of suit herein incurred under Civil Code §§ 52 (b)(3) and 52.1 (h), and under California Code of Civil Procedure § 1021.5;

5.    For all other damages, penalties, costs, interest, and attorney fees as otherwise may be allowed by California and/or federal law; and,

6.    For such other and further relief as the Court deems just and proper.

Dated: November 12, 2012          **LAW OFFICE OF SANJAY S. SCHMIDT**


/s/ Sanjay S. Schmidt
SANJAY S. SCHMIDT
Attorney for Plaintiffs
ROSA LETONA, NATALIE LETONA, and
ROSEMARY BANUELOS

**FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND:**           22
**Case No. 1:12-cv-00782-AWI-DLB**